| | |
|---|---|
| District Court, Boulder County, State of Colorado<br>1777 Sixth Street, Boulder, Colorado 80306<br>(303) 441-3771 | |
| **SILVER SAGE VILLAGE COMMUNITY ASSOCIATION**, a Colorado nonprofit corporation.<br>**PLAINTIFFS,**<br><br>v.<br><br>**WONDERLAND HILL DEVELOPMENT COMPANY, L.L.C.**, a Colorado corporation; **SILVER SAGE DEVELOPMENT, L.L.C.**, a Colorado limited liability company; and **WHDC BUILDERS, L.L.C.**, a Colorado limited liability company,<br>**DEFENDANTS**<br><br><br>**WONDERLAND HILL DEVELOPMENT COMPANY, L.L.C.**, a Colorado corporation; **SILVER SAGE DEVELOPMENT, L.L.C.**, a Colorado limited liability company; and **WHDC BUILDERS, L.L.C.**, a Colorado limited liability company,<br>**THIRD PARTY PLAINTIFFS,**<br><br>v.<br><br>**FIRE DEFENSE, INC.**, a Colorado corporation, *et.al.*<br>**THIRD PARTY DEFENDANTS.** | DATE FILED: December 20, 2012 |
| | Case Number: 10CV384<br><br>Division 3<br>Courtroom K |
| **ORDER** | |

This matter comes before the Court on Plaintiff's Motion for Entry of Judgment and Award of Pre-Judgment Interest and Costs and on Defendants' Motion for Clarification of the Court's Handwritten Order Dated October 17, 2012, and the responsive pleadings thereto. After carefully considering the pleadings, the exhibits and the applicable law, the Court hereby enters the following Ruling and Order:

DEFENDANTS' MOTION FOR CLARIFICATION

The Court apologizes profusely for the confusion caused by the Court's handwritten Order dated October 17, 2012. The Court simply intended to note that the pending Motion for a New Trial was deemed denied under C.R.C.P. 59(j). That Rule provides

1



that any motion for a new trial not decided in 63 days from the date the motion was filed is deemed denied. On October 17, 2012, more than 63 days had elapsed since the Motion was filed. The Court meant to indicate that there would be no further review of the merits of alleged trial errors.

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND AWARD OF PRE-JUDGMENT INTEREST AND COSTS

### *PREJUDGMENT INTEREST*

Plaintiff seeks an order for interest at 8% per annum on $24,700 spent on construction defect-related repairs. That amount is $3539.32. The Defendants do not oppose this request. The Court orders Defendants to pay Plaintiffs $3539.32.

### *ENRTY OF JUDGMENT*

This case originally included all Plaintiff's claims against Defendants and all of Defendant's claims against subcontractors. The Court bifurcated the proceeding and a jury trial was held on Plaintiff's claims against Defendants. The trial of Defendant's claims against subcontractors is scheduled for next year.

Plaintiff requests the Court to enter final judgment on the jury verdict awarding $1,778,360.00 in damages.

C.R.C.P. 58(a) provides, in pertinent part: "Subject to the provisions of C.R.C.P. 54(b), upon a general or special verdict of a jury, or upon a decision by the court, the court shall promptly prepare, date, and sign a written judgment and the clerk shall enter it on the register of actions as provided in C.R.C.P. 79(a)."

C.R.C.P. 54(b) provides: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims, or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Plaintiff urges entry of judgment now because the jury verdicts fully resolved all claims between Plaintiff and Defendants. Defendants maintain that judgment should not enter until *after* the second trial involving the subcontractors.

As a general rule, a jury must decide the entire case before a court can enter judgment. *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 (Colo. 1982). This general rule seeks to "avoid the dissipation of judicial resources through piecemeal appeals." *Id.* at 1127.

Plaintiff maintains that the claims were severed from the original action. Defendants argue the claims were not severed but bifurcated from the subcontractor claims. Though the Court used the word "bifurcate" when it ordered two separate trials, it essentially

2

severed the claims of Plaintiff against Defendants and the claims of Defendants against the subcontractors. The first trial fully resolved Plaintiff's claims against Defendants.

The Court makes an express determination that there is no just reason to delay entry of judgment for another year, to wait for the Defendants' claims against the subcontractors to be resolved. The Court viewed the judgment as final when it entered its October 17, 2012 handwritten Order. The Court will issue a separate Order of Judgment on this date.

### *JOINT AND SEVERAL LIABILITY*

C.R.S. § 13-21-111.5 governs pro-rata liability for defendants in civil cases. C.R.S. § 13-21-111.5 provides: "In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss, except as provided in subsection (4) of this section."

Subsection four states, "(4) Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act...."

The Jury answered Question 12 on the verdict form as follows: Did Wonderland Hill Development Company, Silver Sage Development, LLC and WHDC Builder, LLC conspicuously conspire and deliberately pursue a common plan to commit a tortious act that resulted in damages to the Association: **YES**

Defendants claim that that there was insufficient evidence to support the jury's finding. Also, they argue, the jury's finding was based on an erroneous jury instruction. As stated above, there will be no further trial court review of alleged trial errors. These will be matters for appeal once the second trial is completed and judgment enters.

### *COSTS*

Expert Witness Fees

Plaintiff seeks an order for $322,597.51 in costs. Defendants dispute that amount, particularly as it pertains to the $298,108 claimed for expert witness fees.

A prevailing party may recover the reasonable and necessary costs incurred in the course of litigation." *Wark v. McClellan*, 68 P.3d 574, 582 (Colo. App. 2003). Under C.R.S. § 13-16-122(1)(e), expert witness fees are recoverable to the extent the fees are approved pursuant to § 13-33-102(4), taking into account the value of the time employed and degree of learning and skill required.

When the reasonableness of expert fees is contested, the party challenging the fee request is entitled to an evidentiary hearing. *Steele v. Law*, 78 P.3d 1124, 1128 (Colo. App. 2003).

Here, Defendants have challenged whether Plaintiff's expert witness fees were reasonable and necessary, and they have requested a hearing. Defendants are entitled to

such a hearing. The Defendants are directed to contact the Division 3 Judicial Assistant to obtain dates and confer with Plaintiff regarding setting the hearing.

Other Costs

Defendant's challenge three entries in Plaintiff's Bill of Costs: (1) An invoice dated 1/29/12 for J.A. Caesar & Associates in the amount of $6,175.50, (2) An invoice dated 12/28/11 for Engineering Analytics in the amount of $808.65, and (3) An entry for General Analytical Laboratories for $1,500.00. Plaintiff concedes that the J.A. Caesar & Associates invoice and the Engineering Analytics costs were included in error, and have withdrawn their request for those costs.

Plaintiff explained the General Analytical Laboratories invoice as "testing of the concrete cores to support Mr. Diehl's testimony that the damage was due to incorrect concrete mixtures, and not due to de-icing materials. This evidence was necessary to address Defendants' claims (through Mr. Buttner's trial testimony) that the HOA's use of de-icing materials caused the damage." The Court finds this explanation sufficient to award the costs requested, $2000.

Defendants also question the costs associated with deposition transcripts for several third-party fire suppression experts. The Court will hear argument on the deposition transcript costs at the hearing on expert witness fees.

CONCLUSION

For the reasons stated above:

The Court GRANTS the Plaintiff's request for prejudgment interest in the amount of $3539.32.

The Court GRANTS the Plaintiff's request to enter judgment on the jury verdict in favor of Plaintiff in the amount of $1,778,360.00.

The Court DENIES the Defendants' request to *not* order joint and several liability on the judgment.

The Court GRANTS the Plaintiffs' request for costs in an amount reduced by (1) withdrawal of the J.A. Caesar & Associates costs and the Engineering Analytics costs, (2) the amount of expert witness fees, to be determined at a hearing, and (3) the contested deposition transcript fees, to be determined at a hearing.

December 20, 2012

*D.D. Mallard* (signature)

**D.D. Mallard**
District Court Judge